1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA ANAYA,              )<br>                                        )<br>            Plaintiff,           )<br>                                        )<br>       v.                             )<br>                                        )<br>MICHAEL J. ASTRUE, Commissioner of  )<br>Social Security,                )<br>                                        )<br>            Defendants.      )<br>_____) | 1:10-cv-01812 GSA<br><br>**ORDER REGARDING STIPULATION TO EXTEND TIME TO FILE DEFENDANT'S RESPONSIVE BRIEF** |

    On July 20, 2011, the parties filed a Stipulation and Proposed Order to Extend Time to File Defendant's Responsive Brief in this matter, wherein Defendant seeks a first extension of time through and including August 15, 2011, within which to file a response to Plaintiff's opening brief.  (Doc. 17.)

     Notably missing however from the parties' stipulation is adequate acknowledgment of, or explanation for, Defendant having already missed the deadline for the filing of a responsive brief. Plaintiff's opening brief was filed June 14, 2011; thus, Defendant's opposition was due July 14, 2011.  While the stipulation refers to "counsel's recent sickness, compounded by briefs due in 3

1

other cases as well as oral argument in the Ninth Circuit during the same time [] frame," it is unclear whether those reasons conspired to cause an untimely stipulation, or whether those reasons relate to the need for a thirty-day extension of time. (Doc. 17 at 1.)

This Court has noted an increasing number of missed deadlines in its Social Security caseload. The Court is dismayed when a party or parties choose to ignore the fact the relevant deadline has already passed. The parties are hereby ADMONISHED that any future stipulation for an extension of time, wherein the relevant deadline has already passed, SHALL specifically address that fact and SHALL expressly explain the reason or reasons for the specific delay between the missed deadline and the date upon which the stipulation for an extension was filed with the Court, as well as any need for a further extension of time. Finally, the parties are directed to Local Rule 144(d) and its requirement that an extension be sought "as soon as the need for an extension becomes apparent." While illness may in fact be a reason for a missed deadline and an inability to file a timely stipulation, the Court is aware that Defendant's heavy caseload is an ongoing issue.

The parties' stipulation is adopted as follows:

1. Defendant shall have a first extension of time to and including **July 20, 2011**, *nunc pro tunc*;

2. Defendant shall have a second extension of time to and including **Monday, August 15, 2011,** within which to file a responsive brief; and

3. Plaintiff shall file any reply no later than **August 30, 2011.**

IT IS SO ORDERED.

Dated:   **July 21, 2011**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

2